UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**FLAGSTAR BANK F S B**              **CASE NO.  6:19-CV-00980**

**VERSUS**                                             **JUDGE JUNEAU**

**EDNA BOBINOX CORMIER ET AL  MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand filed on behalf of Plaintiff, Flagstar Bank FSB. (Rec. Doc. 5). Defendant, Edna Cormier, has not opposed. The deadline for filing oppositions to the Motion to Remand was September 9, 2019. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Flagstar's Motion be GRANTED.

### Factual Background

Flagstar filed suit on September 10, 2018 in the Fifteenth Judicial District in Lafayette, Louisiana to enforce its security interest in property allegedly owned by Edna Cormier and the purported heirs of Ms. Cormier's deceased husband, Craig Cormier. (Rec. Doc. 1-1). On July 29, 2019, Ms. Cormier, proceeding *pro se*, filed a Notice of Removal. (Rec. Doc. 1). She alleged:

> This is a PETITION TO ENFORCE SECURITY INTEREST BY EXECUTORY PROCESS against Real Property located at 214 Begnaud Dr, Lafayette, La, which was filed in state court on September 10, 2018, by Flagstar Bank, FSB ("Flagstar") against petitioner EDNA BOBINOX CORMIER, and six (6) other people who are improperly joined in this case and has nothing at all to do with the property in dispute. Flagstar Bank Claims and [sic] interest from a purported assignment from Mortgage Electronic Registration System which is in heated dispute.
>
> A sale of the property is scheduled for Wednesday, July 31, 2019, and none of the parties including Petitoner [sic], Edna Bobinox Cormier have been properly served with process. This is thus an illegal sale of the property and petitioner's property rights protected under federal law and constitution are being violated.

(Rec. Doc. 1, at 3).

Ms. Cormier did not identify any particular law or provision of the Constitution which Flagstar allegedly violated. Flagstar filed the instant Motion to Remand on August 19, 2019 on the sole ground that Ms. Cormier's removal was untimely. (Rec. Doc. 5).

## **Applicable Law**

The federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir.2007). Generally, upon the filing

of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995).

28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court. Flagstar challenges Ms. Cormier's removal on the grounds of timeliness. §1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Although the thirty-day time limit of §1446(b) may be waived, the plaintiff can assert his objection to an untimely removal by filing a motion to remand within thirty days of the filing of the notice of removal. §1447; *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir. 1991). Ms. Cormier was served with Flagstar's suit on April 12, 2019. (Rec. Doc. 5-3). She did not file the notice of removal until July 29, 2019, well after the thirty-day deadline to remove. (Rec. Doc. 1). Flagstar timely filed its Motion to Remand on August 19, 2019. (Rec. Doc. 5). Therefore, the Court finds that Ms. Cormier's removal was untimely and recommends that the case be remanded to state court.

## **Conclusion**

For the reasons discussed herein, it is recommended that Flagstar's Motion to Remand (Rec. Doc. 5) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of September, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE