UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FLAGSTAR BANK FSB | CASE NO. 6:19-CV-00980 |
| VERSUS | JUDGE JUNEAU |
| EDNA BOBINOX CORMIER ET AL | MAGISTRATE JUDGE HANNA |

## **JUDGMENT**

This matter was referred to United States Magistrate Judge Patrick J. Hanna for report and recommendation. After an independent review of the record, and after consideration of objections filed, this Court concludes that the Magistrate Judge's report and recommendation, Rec. Doc. [10], is correct and adopts the findings and conclusions therein as its own.

In addition to the findings of the Magistrate Judge, this Court finds that it lacks jurisdiction over the present matter. Federal question jurisdiction under 28 U.S.C. § 1331 is unavailable because Plaintiff, Flagstar Bank FSB ("Flagstar"), does not raise a federal question in its complaint seeking Louisiana state law executory process. Federal question jurisdiction is determined according to the well-pleaded complaint rule which requires the federal question to appear on the face of a plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To the extent that federal questions are raised, they are raised in Defendant, Ms. Cormier's, defenses

or counterclaims, but "potential defenses . . . do not provide a basis for removal." *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005).

The remaining basis for jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. Assuming that the amount in controversy requirement is met and there is complete diversity between the parties, jurisdiction would appear proper.[1] However, this Court concurs with its sister districts that "where a plaintiff has a 'right to use' executory process, and executory process is not available to a litigant in federal court, and that litigant has neither consented nor converted the case to an ordinary proceeding, a federal court does not have original jurisdiction." *Bank of New York v. Laugand*, 2017 WL 9485533 at *5 (M.D. La. 2017). In sum, executory proceedings are used to fast track seizure and sale of property when a plaintiff holds a perfected security interest in the property, and this procedure is unique to Louisiana law. Executory process, itself, does not comport with the Federal Rules of Civil Procedure. Additionally, exercising jurisdiction over a foreclosure proceeding subject to executory process upsets the balance between federal and state judicial

---

[1] Defendant asserts in the removal order that the amount in controversy exceeds $75,000 and that Defendant is a citizen of Louisiana and Plaintiff is a citizen of Michigan.

responsibilities since these types of foreclosure proceedings are traditionally reserved for state courts.² Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that, consistent with the report and recommendation and additional reasons herein, Flagstar Bank FSB's Motion to Remand, Rec. Doc. [5], is hereby GRANTED.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 18th day of October, 2019.

MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE

---

² For an in-depth discussion and analysis as to why jurisdiction is improper see *Bank of New York v. Laugand*, 2017 WL 9485533 (M.D. La. 2017) and the cases cited therein.